IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**WENDY WAUGH**                                                          **PETITIONER**
**ADC #762582**

**V.**                          **CASE NO. 5:19-CV-15-JM-BD**

**PHYLLIS SILAS**                                                         **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Any party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If the parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.   Background:

Petitioner Wendy Waugh pleaded guilty to two felony drug charges in Independence County Circuit Court in 2016. The court sentenced Ms. Waugh to 60 months' probation and ordered her to complete the 16th Judicial District Drug Court Program (the Program). (#11-2) Ms. Waugh remains in the Program. (#11-7)

Ms. Waugh has experienced some progress and some regression while in the Program. Her latest set-back occurred in September of 2018, when she admitted to drug

use after testing positive for a controlled substance. (#11-5 at 2) Ms. Waugh's drug use in the fall of 2018 was her "third strike" while a participant in the Program, and the Independence County Circuit Court ordered her confined at the East Central Arkansas Community Correction Center (ECACCC) for 365 days of inpatient drug treatment as a sanction. (#11-5 at 1, #11-7 at 1-2, #11-8 at 2) This was an approved sanction under the Program handbook for a participant who had accrued three strikes. (#11-3 at 9-10) Ms. Waugh did not appeal the court's sanction.

Gene Waugh, who identifies himself as Ms. Waugh's husband, signed the federal habeas petition on behalf of Ms. Waugh. (#1) The petition claims that the circuit court violated Ms. Waugh's due process rights when it sanctioned her, because she was not allowed to speak and was not represented by counsel at the hearing. (#1 at 8) The petition also raises claims of judicial bias and asserts that the 365-day sanction is unlawful. (#1 at 5-8)

Phyllis Silas, the Center Supervisor at ECACCC, has responded to the petition, arguing that the Court lacks jurisdiction because Mr. Waugh lacks standing to file a petition as Ms. Waugh's "next friend." (#11 at 5-7) Alternatively, the Respondent argues Ms. Waugh's claims are procedurally defaulted. (#11 at 7-10)

## III.   Jurisdiction:

A habeas application may be signed and verified "by someone acting in [the petitioner's] behalf." 28 U.S.C. §2242. See also Rule 2 (c)(5) of the Rules Governing Section 2254 Cases. A next friend (the person filing on behalf of the real party in

interest), however, has the burden of establishing standing. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

To have standing, a next friend must first "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his [or her] own behalf to prosecute the action"; and "[s]econd, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163 (citation omitted).

In the petition filed in this case, Mr. Waugh explains simply that he is bringing the petition because, "I am Wendy Waugh's husband. She is incarcerated at East Central Community of Corrections." (#1 at 15) Mr. Waugh does not assert that Ms. Waugh is unable to prosecute her own habeas petition due to incompetence or other disability. In fact, to be eligible to participate in the Program Ms. Waugh had to establish that she had "[n]o active mental health concerns that would adversely affect [her] ability to complete [the] program." (#11-3 at 3)

To the extent that Mr. Waugh argues that Ms. Waugh does not have access to legal materials to bring a habeas petition on her own behalf, his argument is not persuasive. Respondent Silas's affidavit provides that ECACCC residents have access to a law library as well as paper, writing instruments, stamps, and envelopes to assist them with drafting and filing pleadings. (#11-8 at 1-2)

Even though Mr. Waugh may be Ms. Waugh's husband, there are several entries in her supervision records predating her in-patient treatment indicating that the two were separated; that Mr. Waugh had substance abuse problems; and that Ms. Waugh used drugs with Mr. Waugh. (#11-5 at 50, 54-55)

Here, Mr. Waugh has not met his burden of establishing either that Ms. Waugh is incapable of pursuing her own petition or that he is truly dedicated to Ms. Waugh's best interests. He does not have standing, therefore, to bring this petition on her behalf. Accordingly, the Court lacks jurisdiction over the petition.

### IV.     **Procedural Default:**

Even if, for purposes of this recommendation, the Court assumes that Mr. Waugh meets the "next friend" requirements, the Court should dismiss the petition because Ms. Waugh has procedurally defaulted her claims.

Ms. Waugh did not pursue an appeal of the circuit court's order sanctioning her for violating the Program rules. (#1 at 5, 7 & 9) *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012) (a claim is procedurally defaulted if a petitioner failed to raise it in state proceedings).

A habeas petitioner's default can be excused, but only if she can demonstrate cause for the default and actual prejudice resulting from the alleged violation of federal law or demonstrate that a failure to consider the claims would result in a fundamental miscarriage of justice because she is actually innocent. *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under the cause-and-prejudice standard, cause is established when some objective factor external to the defense impeded efforts to comply with the state's procedural rule. *Id.* at 313 (citing *Coleman* 501 U.S. at 753). Mr. Waugh alleges on behalf of Ms. Waugh that she hired the "criminal defense league" but "they failed to file the appeal on time." (#1 at 5) Unfortunately for Ms. Waugh, the lack of an attorney, attorney ignorance, and inadvertence are insufficient grounds to excuse procedural default.[1] *Id.*

Further, Ms. Waugh has not alleged actual innocence to fall within the miscarriage-of-justice exception. Ms. Waugh has procedurally defaulted her claims by failing to seek relief from the State courts.

## V.     **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if there is a substantial showing that Ms. Waugh was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Ms. Waugh has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

---

[1] The United States Supreme Court has carved out a limited exception. See *Martinez v. Ryan*, 566 U.S. 1 (2012). But the *Martinez* exception is not applicable here, because Ms. Waugh is not raising ineffective-assistance-of-trial-counsel claims. *Martinez*, 566 U.S. at 17.

## VI.     Conclusion:

Because Mr. Waugh has not met his burden of establishing standing to pursue a petition for writ of habeas corpus on Wendy Waugh's behalf, this Court lacks jurisdiction. Even if Mr. Waugh had standing, Ms. Waugh has procedurally defaulted her claims. Accordingly, the Court recommends that Wendy Waugh's petition for writ of habeas corpus (#1) be DISMISSED, without prejudice.

DATED this 23rd day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE